HOUSTON, Justice
(dissenting).
I mistakenly concurred originally. I did not realize my mistake until I obtained the record in this case on Tuesday, April 1,1997.
Raymond Jamar was involved in a motor vehicle accident while he was driving a truck owned by his employer, Shelby Contracting Company. Raymond Jamar, claiming damages for personal injuries, and his wife Joyce Hatchett Jamar, claiming damages for loss of consortium, filed two actions: one against Valley Manufactured Housing Company (“Valley”) and Trenton James and the other against Kenneth Earl Kimbrough, Wilburn Baker, State Farm Mutual Automobile Insurance Company (the Jamars’ uninsured motorist insurance carrier), and Aetna Casualty and Surety Company (Shelby Contracting Company’s uninsured motorist insurance carrier). The Jamars settled with Valley and James and executed a pro tanto release, which provided, in pertinent part, that the Jamars “do hereby release and forever discharge [Valley, James], any of the employees, agent[s], servants or individuals under the control and direction of [Valley] and/or [James], Acceptance Indemnity Insurance Company, the insurer of [Valley] and [James], and Acceptance Insurance Company and any of their employees, agent[s], servants or assigns WITH THE EXCEPTION OF KENNETH EARL KIMBROUGH, WILBURN BAKER, IN THEIR CAPACITY AS INDIVIDUALS.”
The Jamars’ complaint against Kimbrough and Baker alleges that Kimbrough “did negligently or wantonly cause a motor vehicle which he was driving to collide with the tow truck being driven by Trenton James which caused the tow truck to collide with the automobile [that] the Plaintiff, RAYMOND JAMAR, was operating.” That complaint further alleged:
“At the time of the accident, the Defendant, [Kimbrough], was being employed as the agent, servant or employee of the Defendant [Baker], The owner of the [truck] being driven by [Kimbrough] was [Baker] and ... the Defendant [Kimbrough] was acting in the employment of [Baker] at the time of the accident alleged herein.”
There are other counts; however, all of them are based upon the actions of Kim-brough as an agent of Baker, and none of them alleges that Baker and/or Kimbrough was an agent of Valley or James.
See 3 Am.Jur.2d Agency 813-15 § 309 (1986):
“From the standpoint of a person injured by the wrongful act of another, the *883 relationship of principal and agent is immaterial, and the status of the wrongdoer in that connection of no consequence. This is for the reason that the tort liability of the agent is not based upon the contractual relationship existing between the principal and agent, but upon the common-law obligation that every person must so act or use that which he controls as not to injure another. In other words, if the agent is under a duty to third persons as well as to his principal, a breach of his duty to such third persons uñll render the agent liable to them. Thus, whether he is acting on his own behalf or for another, an agent who violates a duty which he owes to a third person is answerable to the injured party for the consequences. It is no excuse to an agent that his principal is also liable for a tort, inasmuch as the rights of a principal and agent inter se do not measure the rights of third persons against either of them for their torts, and the fact that an agent might have a right of exoneration or indemnity against his principal for a tort would not affect the rights of a third person against the agent. Nor is an agent who is guilty of tortious conduct relieved from liability merely because he acted at the request, or even at the command or direction, of the principal. Although the agent may avoid liability if he is exercising a privilege of the principal in committing the act, he does not have the immunities of his principal, even though acting at the principal’s direction.
“As is true with respect to employees generally, the liability of the agent is based on the duty which he himself owes to the third person, and in most jurisdictions now, this duty, rather than any distinction based upon whether the act is a misfeasance, malfeasance, or nonfeasance, is recognized as the test of liability. Pursuant to this test of liability, an employee or agent is liable to a third person for injuries resulting from the breach of any duty which the employee or agent owes directly to such third person, and is not liable to a third person for injuries resulting from a breach of duty which the employee or agent owes only or solely to his employer. Neither is an agent liable merely because his principal fails to discharge affirmative duties which the principal owes to the third person. Nor may an agent be held liable along with his principal for the damages incurred by third persons to whom the agent made representations in the principal’s behalf, where, although such representations were false, the agent concealed no material facts, acted in good faith and with reasonable care, and was merely conveying from the principal to the third persons the statements and representations of the principal.
“In accordance with these principles, an agent or other employee, has been held liable to a third person for his own negligence or his own positive wrongs, such as a trespass, an assault, the conversion of property, fraud or misrepresentation, defamation, abuse of process, or other form of tortious conduct.”
(Emphasis added.)
I forgot, overlooked, or otherwise missed this hornbook law when I concurred initially. I now know that I erred. I would grant the application for rehearing and then vote to reverse and remand.
HOOPER, C.J., concurs.